UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DOV MARCELLIN,

              Plaintiff,                                             21 Civ.

       v.                                                    <u>COMPLAINT</u>

LONG ISLAND RAILROAD COMPANY,                  JURY TRIAL REQUESTED

              Defendant
------------------------------------------------------------------------X

        Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

      1.      The plaintiff is a resident of the State of New York, County of Queens, and City of Rosedale Windsor.

      2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

      3.      Prior to August 10, 2020, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Station Appearance Maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

      4.      Prior to August 10, 2020 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Freeport Station, Freeport, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

      5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation.

## JURISDICTION AND VENUE

      6.      The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On August 10, 2020, the plaintiff was working as a Station Appearance Maintainer at the direction and training of defendant, when plaintiff was lifting a garbage bag when his knee buckled.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to his left knee, requiring surgery.

## COUNT I
## Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about August 10, 2020, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Lineman at the Freeport Station, Freeport, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to provide a cart, as opposed to a garbage can, for use by plaintiff;

    c. in providing a garbage can that requires pulling bags of debris directly vertical to remove;

    d. in providing a garbage can that has wheels intended for interior use;

    e. in failing to prove a garbage can that has larger wheels intended to bridge gaps and irregularities of exterior use;

    f. in locating the dumpster that was to be used by plaintiff immediately adjacent to the curb, forcing plaintiff to awkwardly access the can in order to pull bags from the can;

    g. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com