UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOV MARCELLIN,

                Plaintiff                        21 Civ. 10298 (PGG)

      -against-                        <u>JOINT PRE-TRIAL ORDER</u>

LONG ISLAND RAILROAD COMPANY,

                Defendant.
-----------------------------------------------------------X


ii. The names, addresses (including firm names), and telephone (including cellular phone if available) and email addresses of trial counsel.

| | |
|---|---|
| For Plaintiff: | Marc Wietzke, Esq. |
| | MWietzke@FELAattorney.com |
| | Flynn & Wietzke, PC |
| | 1205 Franklin Avenue |
| | Garden City, NY 11530 |
| | (516) 877-1234 |
| | F:  (516) 877-1177 |
| | |
| For Defendant: | Joe Puzo Esq. |
| . | Jpuzo@zakpuzo.com |
| | Zaklukiewicz, Puzo & Morrissey, LLP |
| | 2701 Sunrise Highway, Suite 2 |
| | Islip Terrace, NY 11752 |
| | (631) 859-0300 ext. 122 |
| | F:  631-859-5284 |

iii.      **<u>Jurisdiction and Venue</u>**

*A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant jurisdictional facts, such as citizenship and jurisdictional amount.*

      This is an action for personal injuries under the Federal Employers' Liability Act, 45 USC

Section 51 et seq.

      The jurisdiction of the Court is not disputed.

iv.     **Claims & Defenses**

*A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.*

A)      **Plaintiff's Contentions:**

The defendant, its agents, servants and employees, so negligently and carelessly

conducted themselves toward the plaintiff:

a.   in failing to provide plaintiff with a reasonably safe place to work;

b.   in failing to provide a cart, as opposed to a garbage can, for use by plaintiff;

c.   in providing a garbage can that requires pulling bags of debris directly vertical to remove;

d.   in providing a garbage can that has wheels intended for interior use;

e.   in failing to provide a garbage can that has larger wheels intended to bridge gaps and irregularities of exterior use;

f.   in locating the dumpster that was to be used by plaintiff immediately adjacent to the curb, forcing plaintiff to awkwardly access the can in order to pull bags from the can;

g.   in locating the dumpster in a manner that the loading edge was away from the ramped access to the dumpster, preventing access to the lowered edge intended for loading of garbage;

h.   in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

Plaintiff claims a wage loss of at least the following, with the understanding that it is continuing:

| Start | End | Full Hourly rate | Straight Hours per week | OT Rate | OT loss | Weekly Loss | Weeks Missed | Combined Wage Loss |
|---|---|---|---|---|---|---|---|---|
| 8/10/2020 | 9/24/2021 | $ 35.00 | 40 | $ 52.50 | 5 | $1,662.50 | 58.571 | $97,375.00 |
| 9/24/2021 | 2/2/2022 | $ 35.00 | 40 | $ 52.50 | 5 | $1,662.50 | 18.714 | $31,112.50 |
| 2/3/2022 | 3/25/2022 | $ 13.00 | 40 | $ 19.50 | 5 | $617.50 | 7.1429 | $4,410.71 |
| | | | | | | | | |
| | | | | | | Past Wage Loss | | $132,898.21 |

**B)** **Defendant Contentions:**

The defendant claims that plaintiff was provided with a reasonably safe workplace. It will be claimed that plaintiff was provided with the proper Tilt cart to utilize while emptying garbage on the station platform. Plaintiff was provided training on how to properly empty the garbage utilizing a Tilt cart for outdoor use. Plaintiff improperly utilized an indoor garbage can on a dolly to empty garbage into the dumpster instead of the provided Tilt cart. Tilt carts are provided and available at every station including the Freeport Station where plaintiff claims to have been injured. Defendant contends that the dumpster location was reasonably safe and accessible for its intended purpose. Furthermore, the dumpster location did not cause or contribute to plaintiff's alleged injury. The defendant claims plaintiff suffered from a prior injury to his same knee and that the accident was not the proximate cause nor did it aggravate or exacerbate his pre-existing left knee injury. Defendant claims plaintiff has fully recovered with no residuals and is not suffering from any on-going issues related to the alleged injury. Plaintiff has returned to work in a more strenuous capacity as a Corrections Officer for the Durham County Sheriff's department and is not entitled to be compensated for any future pain and suffering. Defendant claims plaintiff's own actions caused his alleged injury.

v.      **Damages Claimed/Relief Sought**

*With respect to each claim remaining to be tried, a statement listing each element or category of damages sought with respect to such claim and, if appropriate, a calculation of the amount of damages sought with respect to such element or category.*

Plaintiff claims past economic loss as set forth above. Plaintiff also claims past pain and suffering and future pain and suffering. Defendant refutes there is evidence of future pain and suffering.

vi.      **Type of Trial and Length of Trial**

*A statement by each party as to whether the case is to be tried with or without a jury, and the number of total trial days needed.*

Plaintiff demands trial by jury.

A. Plaintiff estimates that __2__ days will be needed to present plaintiff's case.

B. Defendant estimates that _2__ days will be needed to present defendant's case.

vii.      **Undisputed Facts**

*Any stipulations or agreed statements of fact or law that have been agreed to by all parties.*

The parties stipulate that the following facts are not in dispute (each party reserving the right

to object to the materiality of any such stipulated fact and its relevancy to the issues);

This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et

seq.).

The defendant is a corporation is engaged in interstate commerce by rail and operate a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

Prior to August 10, 2020, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Station Appearance Maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

Prior to August 10, 2020, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Freeport Station, Freeport, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

On August 10, 2020, the plaintiff was working as a Station Appearance Maintainer at the direction and training of defendant, when plaintiff was lifting a garbage bag.

On August 10, 2020, the plaintiff earned $35.00 per hour of straight time worked.

On August 10, 2020, the plaintiff earned 1.5 times his straight timer hourly rate for each hour of overtime worked.

As of August 10, 2020, the plaintiff was guaranteed at least 40 hours of straight time work per week pursuant to a collective bargaining agreement.

Prior to August 10,2020 plaintiff had been involved in two prior accidents where he injured his left knee.

In 2007, plaintiff was involved in a car accident where he injured his left knee and underwent surgery.

 On April 21, 2014, while plaintiff was employed as a Lineman by the defendant, he injured his left knee exiting a truck.

Prior to August 10, 2020 plaintiff had undergone three left knee surgeries.

Plaintiff presently resides in North Carolina and has been employed as a Durham

County Corrections Officer since February 7, 2022.


viii.   **Witnesses**

*A statement by each party as to the witnesses whose testimony is to be offered in its case, indicating whether such witnesses will testify in person or by deposition. A party may not call as a witness an individual who is not listed in its portion of this statement.*

The following witnesses may be called by the parties on their direct case:

The parties agreed that the witnesses whom each party now intends to call are those listed

below. Should any party hereafter decide to call any additional witnesses, prompt notice of their identity

shall be given to each party in writing setting forth the reason why said witness was not theretofore

identified. No witnesses may be called at trial unless identified as above stated. Plaintiff and defendant

reserve the right to call any of the witnesses listed by the opposing party.

A)      **Plaintiff's Proposed Witnesses:**

Dov Marcellin - will testify in person

Morgan Marcellin - will testify in person

Joseph Lomuto - will testify in person

Dr. Suzanne Walker - will testify in person

Dr. Gregory Lieberman - will testify in

General Chairman for plaintiff's union – will testify in person


B)      **Defendant Proposed Witnesses:**

Joseph Lomuto- will testify in person

Dr. Mohammad Mujtaba MD-will testify in person

Dr. Edward Toriello MD- will testify in person

Dr. David Fisher – will testify in person

ix.    **Deposition Designations**

A designation by each party of deposition testimony to be offered in its case, referencing page and line numbers, with any cross-designations and objections by any other party. If there is no objection or cross-designation, the Court will deem the opposing party to have waived any such objection or cross-designation. A party may not offer deposition testimony that is not listed in its portion of the designation.

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

x.    **EXHIBITS**

A list by each party of exhibits to be offered in its case. Each exhibit shall be pre-marked (plaintiff to use numbers, defendant to use letters). For any exhibit as to which there is an objection, the party objecting must briefly specify, next to the listing for that exhibit, the nature of the party's objection (e.g., "authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. A party may not offer an exhibit that is not listed in its portion of the list.

Plaintiff's Exhibits

| Plaintiff's Exhibit | Description | Objection | Response |
|---|---|---|---|
| P-1 | Image marked as Exhibit A on 8-9-22 |  |  |
| P-2 | Image marked as Exhibit B on 8-9-22 |  |  |
| P-3 | Image marked as Exhibit C on 8-9-22 | Relevance & FRE403 | Probative of issues in contention |
| P-4 | Image marked as Exhibit D on 8-9-22 |  |  |
| P-5 | Image marked as Exhibit E on 8-9-22 |  |  |
| P-6 | Image marked as Exhibit F on 8-9-22 |  |  |
| P-7 | Image marked as Exhibit G on 8-9-22 |  |  |
| P-8 | Image marked as Exhibit H on 8-9-22 |  |  |
| P-9 | Statement marked as Exhibit I on 8-9-22 |  |  |
| P-10 | Image marked as Lomuto 1 on 8-11-22 |  |  |
| P-11 | Video marked as Lomuto 3 on 8-11-22 | Foundation | Through plaintiff |
| P-12 | Video marked as Lomuto 4 on 8-11-22 | Foundation | Through plaintiff |
| P-13 | Employee Attendance Report printed on 7-12-22 | Foundation | Business record; FRE 1006; Through plaintiff |
| P-14 | Medical Records of Dr. Gary Lieberman | FRE 802 and Foundation | Through docotor |
| P-15 | Job Description for Stn Apprc Mntnr |  |  |
| P-16 | LIRR paystubs for 8-10-20 to present |  |  |

Defendant's Exhibits

| Defendant's Exhibit | Description | Objection | Response |
|---|---|---|---|
| D-1 | AR-20 Accident/Incident Investigation for accident of 4/21/14 | FRE 802; FRE 403 | Business record Exception to hearsay and not prejudicial |
| D-2 | Initial Employee Accident/Incident Report – 8-10-20 | FRE 802; FRE 403 | Business record Exception to hearsay and not prejudicial |
| D-3 | Employee Accident/Incident Investigation with photos- 8-10-20 | | |
| D-4 | Long Island Railroad Corporate Safety Rules for Employees | | |
| D-5 | Medical Records of Orlin & Cohen dated 8/27/20 | FRE 802; Foundation | Exception to hearsay and not prejudicial |
| D-6 | LIRR clinic note dated 9/25/20 | FRE 802 | Exception |
| D-7 | MRA films Left knee 8/19/20 & 7/28/21 | Foundation | Will establish foundation |
| D-8 | X-rays left knee 8/13/20 & 6/9/21 | Foundation | Will establish foundation |
| D-9 | Medical report of Orlin & Cohen 9/29/20 | FRE 802; Foundation | Exception; Will establish foundation |
| D-10 | LIRR activity questionnaire 3/26/19 | | |
| D-11 | LIRR activity questionnaire 12/2/21 | | |
| D-12 | LIRR Clinic note 2/1/22 | FRE 802 | Exception |
| D-13 | LIRR activity questionnaire 2/1/22 | | |
| D-14 | LIRR Change of Status Notice 9/24/21 | FRE 802; FRE 403; Collateral Source; Foundation | Business record Exception to hearsay and not prejudicial |
| D-15 | LIRR Medical History Record 4/9/19 | FRE 802 | Exception |
| D-16 | MRI Left knee 5/14/14, 1/20/15, & 9/12/15 Action Open MRI | Foundation | Will establish foundation |
| D-17 | Operative Reports of Specialty Surgery 6/16/14 & 6/1/15 | Foundation | Will establish foundation |
| D-18 | Medical report of Dr Cohen dated 5/30/14 | Foundation | Will establish foundation |
| D-19 | Job Description for Durham County Detention Officer | Foundation; Not turned over in discovery | Will establish foundation- turned over upon discovery |
| D-20 | Durham County YouTube video of training qualifications | Foundation; Not turned over in discovery | Will establish foundation- turned over upon discovery |

DATED:  NASSAU, NEW YORK
         January    , 2023

By: *Marc Wietzke*

Marc Wietzke, Esq.
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By: _____
Craig Dolinger, Esq..
Attorneys for Defendant LIRR
2701 Sunrise Highway, Suite 2
Islip Terrace, NY 11752
(631) 859-0300 ext. 122

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States District Magistrate Judge